***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award. The Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner with some modifications.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. Plaintiff is Ricky A. McLemore.
2. Defendant-employer is Garner Construction Company.
3. On February 4, 2002, Brentwood Associates was the carrier on the risk for defendant-employer.
4. Defendant-employer regularly employed three or more employees and was bound by the provisions of the North Carolina Workers' Compensation Act.
5. The Industrial Commission has jurisdiction over the parties, and all parties have been properly named in this action.
6. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
7. An employer-employee relationship existed between defendant-employer and plaintiff on February 4, 2002.
8. The Full Commission issued a prior Opinion and Award in this matter on May 16, 2006, and this Opinion and Award is part of the evidence of record.
 *********** EXHIBITS
The following documents were accepted into evidence as stipulated exhibits:
 • Exhibit 1: Executed Pre-Trial Agreement
 • Exhibit 2: Industrial Commission forms and filings
 • Exhibit 3: Plaintiff's medical records (supplemented post-hearing)
 • Exhibit 4: Plaintiff's discovery responses
 *********** *Page 3 ISSUE
The issue before the Commission is whether plaintiff's right and left hip conditions are compensable.
 ***********
Based upon all of the competent credible evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. As of the hearing before the Deputy Commissioner, plaintiff was 42 years old.
2. Plaintiff was working for defendant-employer as a brick mason on February 4, 2002, when a board on a scaffold came out from under him, and he fell three stories or about 35 feet, landing in a seated position on a ladder. He hit the side of a house and a ladder on his way down. There is no evidence that either or both of plaintiff's hips took a direct impact in the fall.
3. Defendants accepted that plaintiff sustained a compensable injury to his back in the fall on February 4, 2002 by filing a Form 60.
4. Plaintiff was diagnosed with an L3 burst fracture and has had chronic low back pain with some nerve impingement since the accident. Defendants continue to pay temporary total disability compensation to plaintiff and have provided pain management treatment for plaintiff's back symptoms with Dr. John Liguori since 2006.
5. Plaintiff had a history of long term alcohol use before the accident. He began drinking at age 15 and has been convicted of several DWI offenses. In September 2003, he was admitted for psychiatric evaluation at Southeastern Regional Medical Center. Plaintiff was suicidal and felt frustrated and hopeless. He admitted drinking "a lot" and on a daily basis to *Page 4 
deal with pain and also using marijuana and cocaine. Plaintiff was discharged two days later with a diagnosis of cocaine abuse.
6. On September 23, 2003, plaintiff first complained of hip pain to Dr. Ligouri. Dr. Liguori expressed his opinion that plaintiff's hip condition was caused by his fall. Dr. Ligouri agreed, however, that if plaintiff did not complain of symptoms that could be interpreted as hip pathology, it was less likely that his hip condition was caused by the fall and more likely that the hip problems were caused by alcoholism.
7. On July 28, 2005, plaintiff presented to Dr. Jack Bowling, an orthopedic surgeon, regarding right hip pain. Dr. Bowling diagnosed him with advanced avascular necrosis. Avascular necrosis is a condition caused by a disruption of the blood supply to the head of the femur bone. The femoral head dies and collapses, which then leads to destruction of the cartilage in the hip joint.
8. Dr. Bowling performed a right hip replacement on plaintiff on November 22, 2005.
9. Plaintiff also developed avascular necrosis in his left hip and eventually underwent a left hip replacement by Dr. Shawn Hocker, another orthopedic surgeon, on April 28, 2008.
10. There is no evidence that either or both of plaintiff's hips was fractured in the February 4, 2002 fall.
11. Dr. Hocker has done a joint replacement fellowship. He did his residency at Duke University Medical Center, which he stated is probably the world's largest referral center for the treatment of avascular necrosis. *Page 5 
12. As Dr. Hocker testified, he believed to a reasonable degree of medical certainty that plaintiff's avascular necrosis was idiopathic and/or related to longtime, sustained alcohol use. Dr. Hocker did not associate plaintiff's avascular necrosis with any trauma sustained in the February 4, 2002 fall.
13. Dr. Hocker based his causation opinion on several factors. First, the most common cause of avascular necrosis is idiopathic, but a prevalent known cause of avascular necrosis is alcoholism. Second, the x-rays did not show any evidence of any previous injury or trauma to plaintiff's hips. Third, both of plaintiff's hips failed, which would suggest a systemic rather than a traumatic cause. Fourth, plaintiff would likely have complained of debilitating hip and groin pain, with possible referred pain to his anterior knee(s), had he sustained distinct traumatic hip injuries in the fall, and there is no documentation that plaintiff made such complaints following the accident. Dr. Hocker stated that it would be extremely unusual that an injury to both hips would have escaped initial detection by the medical providers or that plaintiff would not have presented sufficient symptoms to warrant the use of sophisticated imaging to look for an injury after the fall.
14. Dr. Bowling at his deposition stated to a reasonable degree of medical certainty that the trauma of plaintiff's fall caused plaintiff to develop avascular necrosis in his hips. However, plaintiff had not told Dr. Bowling about his long history of alcohol consumption. When Dr. Bowling was given this information, Dr. Bowling stated that, given plaintiff's long history of sustained alcohol use as well as other risk factors such as his smoking history and high blood pressure, it was difficult for Dr. Bowling to differentiate between these factors and the February 4, 2002 fall as to what caused plaintiff's avascular necrosis. *Page 6 
15. After he was given information that plaintiff had made no discrete complaints about hip pain until September 2003, Dr. Bowling stated that if the medical records were to show that plaintiff had complained of hip pain during the year-and-a-half interval between the February 4, 2002 fall and September 2003, then the fall would more likely than not be the cause of plaintiff's avascular necrosis. However, in fact, plaintiff did not complain of hip pain during the interval.
16. Dr. Alan Tamadon, who treated plaintiff's low back condition, has not evaluated plaintiff's avascular necrosis.
17. As to the expert medical testimony of Drs. Hocker, Ligouri and Bowling, to the extent their testimony contradicts one another, the Full Commission gives greater weight to the causation opinions of Dr. Hocker due to his specialization in the treatment of avascular necrosis. The Full Commission finds based upon the greater weight of the medical evidence that plaintiff's avascular necrosis is not causally related to plaintiff's compensable fall on February 4, 2002.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On February 4, 2002, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer, which resulted in a back injury. N.C. Gen. Stat. § 97-2(5).
2. The avascular necrosis that developed in plaintiff's hips was not causally related to his February 4, 2002 accident, but rather was caused by his alcoholism or was idiopathic. N.C. Gen. Stat. § 97-25. *Page 7 
3. As such, plaintiff is not entitled to medical compensation for his right and left hip conditions.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for medical compensation for his right and left hip conditions must, under the law, be and hereby is denied.
2. Defendants shall continue to pay total disability compensation to plaintiff until he returns to work or further Order of the Commission, and defendants shall continue to provide medical treatment to plaintiff for his compensable back condition as is reasonably required to effect a cure, provide relief and/or lessen plaintiff's period of disability.
3. Each side shall bear its own costs.
This the 2nd day of August, 2010.
 S/___________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
DISSENTING WITHOUT A WRITTEN OPINION: *Page 8 
 S/___________________ DANNY LEE McDONALD COMMISSIONER